# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **PINNACLE HEALTH CLINICS, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 3:14-cv-00508 |
| | ) |
| **SENTINEL INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the following Initial Case Management Plan is adopted.

**1.     JURISDICTION:** This Court may properly exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a).

**2.     PLAINTIFF'S THEORY OF THE CASE:** It is the position of the Plaintiff that his insurance claim should be honored by his insurance company, Defendant herein. The exclusions relied upon by the Defendant are not factually supported and are improperly asserted to deny the claim. Dr. Carrano, the person who apparently, without authorization, stole the property in question, at all times relevant to this claim was an independent contractor.  He was not provided, nor was he supposed to have access to, the Plaintiff's facilities after business hours or unsupervised. It is believed that Dr. Carrano broke into or gained access to the facilities after business hours and removed the equipment and property in question. Whether he actually did so and how he accomplished this has not yet been established. Plaintiff claims bad faith by Defendant in denying its claim and claims that Plaintiff is bringing this lawsuit in good faith and without misrepresentations.

In addition, Plaintiff has taken steps and will have a Certificate of Authority to conduct business in Tennessee. Tenn. Code Ann. §48-246-601 authorizes the Court to allow a Plaintiff time to obtain the Certificate of Authority while the lawsuit is pending. A motion has been filed requesting said relief.

Plaintiff has suffered substantial financial losses as a result of the theft of the equipment from the facilities, and substantially more losses as a result of the Defendant's failure to timely pay the insurance claims. The financial information documenting the losses has been provided to Defendant, and, some of Plaintiff's losses are ongoing. Plaintiff seeks to enforce the contract of insurance and have the claims paid, and be compensated for the bad faith on the part of the Defendant for its refusal to timely pay the claims.

3. **DEFENDANT'S THEORY OF THE CASE:** Defendant denies the allegations set forth by Plaintiff. Defendant's investigation revealed that Dr. Joseph Carrano was the individual who removed the equipment from the two Pinnacle Health locations. In addition, Dr. Carrano was a partner, an employee, an agent and/or an individual entrusted with access to the Hendersonville and Brentwood facilities. As such, Plaintiff's claims are specifically excluded under the insurance policy, number 20 SBA AE6736. Defendant filed a counter claim in this matter as Plaintiff brought this suit in bad faith and should be liable to Defendant pursuant to Tenn. Code Ann. § 56-7-106. In addition to relief sought pursuant to Tenn. Code Ann. § 56-7-106, Defendant seeks reimbursement of all sums paid to Plaintiff as a result of the misrepresentations and claims made in this action.

In addition to the aforementioned, Defendant has a Motion for Summary Judgment pending before the Court. Plaintiff does not have the capacity to maintain this proceeding as Plaintiff, a Nevada LLC, has been transacting business within the State of Tennessee without a

certificate of authority. Pursuant to Tenn. Code Ann. § 48-246-601(a), a foreign LLC transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority.

4. **IDENTIFICATION OF THE ISSUES:** All issues raised by the pleadings remain in dispute. These include breach of contract and violation of Tenn. Code Ann. § 56-7-105. In addition to the aforementioned, Defendant has a Motion for Summary Judgment pending before the Court. It is Defendant's position that Plaintiff does not have the capacity to maintain this proceeding. Plaintiff, a Nevada LLC, has been transacting business within the State of Tennessee without a certificate of authority. Pursuant to Tenn. Code Ann. § 48-246-601(a), a foreign LLC transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority.

5. **SPECIAL ISSUES UNDER RULES 13-15, 17-21, AND RULE 23:** Defendant has raised an issue under Rule 13. Defendant filed a counter claim in this matter as Defendant alleges that Plaintiff brought this suit in bad faith and should be liable to Defendant pursuant to Tenn. Code Ann. § 56-7-106. In addition to relief sought pursuant to Tenn. Code Ann. § 56-7-106, Defendant seeks reimbursement of all sums paid to Plaintiff as a result of the claims made in this action.

Defendant has also raised an issue under Rule 17. As stated above, Defendant has a Motion for Summary Judgment pending before the Court. It is Defendant's position that Plaintiff does not have the capacity to maintain this proceeding. Plaintiff, a Nevada LLC, has been transacting business within the State of Tennessee without a certificate of authority. Pursuant to Tenn. Code Ann. § 48-246-601(a), a foreign LLC transacting business in this state

without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority.

**6. WITNESSES, IF KNOWN, SUBJECT TO SUPPLEMENTATION:** Jim Earl Shivers, Dr. Joseph Salvatore Carrano, Cameron Hammer and other employees of Pinnacle Health, Detective Malach of the Hendersonville Police Department, and other witnesses to be identified during discovery.

**7. INITIAL DISCLOSURES AND STAGING OF DISCOVERY:**

**A. Initial Disclosures:** The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before July 1, 2014.

**B. Discovery:** The parties shall complete all written discovery and depose all fact witnesses on or before January 30, 2015. No motions concerning discovery are to be filed until the parties have scheduled and participated in a conference call with Magistrate Judge Bryant.

**C. MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before August 15, 2014.

**D. DISCLOSURE OF EXPERTS:** Plaintiffs shall identify and disclose all expert witnesses and reports on or before November 1, 2014. Defendant shall identify and disclose all expert witnesses and reports on or before December 15, 2014.

**I. DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before February 15, 2015.

**8. DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before March 1, 2015. Responses to dispositive motions shall be filed by March 29, 2015 (28 days after the date of the motion filed). Optional replies may be filed by April 12, 2015 (14 days after the date the response is filed). If dispositive motions or responses are filed early, the

response and reply dates are moved up accordingly. Motion and response memoranda shall not exceed **twenty-five (25) pages.** If a reply is filed, it shall not exceed **five (5) pages** absent the Court's permission for longer pleading.

9. **OTHER DEADLINES:** None at this time.

10. **SUBSEQUENT CASE MANAGEMENT CONFERENCE:** The parties shall participate in a telephonic conference on January 13, 2015, at 9:30 a.m. The call shall be initiated by Plaintiff's counsel.

11. **ALTERNATE DISPUTE RESOLUTION:** At this time, the parties do not believe alternative dispute resolution is appropriate.

12. **TRIAL DATE:** Jury trial is set for August 4, 2015, at 9:00 a.m. A pretrial conference shall be held on July 13, 2015, at 10:00 a.m. before Judge Nixon. Trial is expected to last **four (4) days**.

It is so **ORDERED.**

                                               s/ John S. Bryant
                                               **MAGISTRATE JUDGE BRYANT**

**APPROVED FOR ENTRY:**

| | |
|---|---|
| **FEENEY & MURRAY, P.C.** | **PARKER & CROFFORD** |
| **By:/s/John Thomas Feeney**<br>  **John Thomas Feeney**<br>  BPRN 11482<br>  P. O. Box 198685<br>  Nashville, Tennessee 37219<br>  *Attorney for Defendant* | **By:/s/Stephen Crofford**<br>  **Stephen Crofford**, #12039<br>  **Mary A. Parker**, #6016<br>  1230 2nd Avenue S.<br>  Nashville, Tennessee 37210<br>  *Attorneys for Plaintiff* |