IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PINNACLE HEALTH CLINICS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SENTINEL INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | Case No. 3:14-00508 <br> Chief Judge Haynes |

**ORDER**

Plaintiff, Pinnacle Health Clinics, LLC, a Nevada corporation, filed this action originally in the Circuit Court for Davidson County, Nashville, Tennessee against the Defendant Sentinel Insurance Company. Plaintiff asserts claims for breach of contract and bad faith under Tenn. Code Ann. § 56-7-105. Citing diversity of the parties and the amount in controversy, Defendant removed this action to this Court without objection.

Before the Court is the Defendant's motion for summary judgment (Docket Entry No. 7) contending, in sum, that Tennessee law does not permit a foreign limited liability company to maintain a legal action in Tennessee until that company obtains a certificate of authority to conduct business in Tennessee. Defendant asserts that at the time this action was filed, Plaintiff has not done so and thus, Plaintiff lacks the capacity to maintain this action, entitling the Defendant to summary judgment. Plaintiff responds that since the filing of this action, Plaintiff acquired a certificate to do business in Tennessee.

In a diversity action, state law controls court. Guaranty Trust Co. v. York, 326 U.S. 99

1

(1945). Under applicable Tennessee statutes, "[b]efore doing business in this State, a foreign LLC shall obtain certificate of authority," Tenn. Code Ann. 48-246-301(a), and "[a] foreign LLC transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." Tenn. Code Ann. 48-246-601(a).

In G.M.L., Inc. v. Mayhew, 188 F.Supp.2d 891 (M.D. Tenn. 2002), that presented similar factual circumstances, the Honorable Aleta Trauger entered a stay of the action to allow a similarly situated foreign company to secure authorization to do business in Tennessee. Although a stay was not granted in this action, Plaintiff has since secured the authorization to conduct business in Tennessee. In such instances, the Court deems Plaintiff's post-filing compliance with Tennessee law to be permissible. Plaintiff's initial lack of authorization involved its capacity to sue or its standing. Dismissal for a lack of standing or capacity to sue is not a judgment on the merits. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102, 109-10 (1998). If the Court granted the Defendant's motion, the Order of dismissal would not be on the merits. As a practical matter, upon dismissal, Plaintiff could then refile this action. As a matter of judicial prudence, the Court concludes that Plaintiff has cured any issue about its lack of capacity or standing in this action.

For these reasons, the Defendant's motion for summary judgment (Docket Entry No. 7) is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the 23rd day of July, 2014.

WILLIAM J. HAYNES, JR.
Chief United States District Judge